### SAVIAS E. BROWN v. THOMAS STARRET.

*Contract for sale of brick—Construction.*

A contract for the sale of *all* the brick in a specified kiln, to the amount of about 530,000, for the consideration of $3.75 per thousand, $1,000 payable on delivery of agreement, and the *balance*, $1.75 per thousand, as brick are delivered, is a contract for the sale of 500,000 brick.

Error to Muskegon. (Russell, J.) Argued November 4, 1887. Decided November 10, 1887.

Assumpsit. Defendant brings error. Reversed. The facts are stated in the opinion.

*Smith, Nims, Hoyt & Erwin,* for appellant.

*Delano & Bunker,* for plaintiff.

CHAMPLIN, J. The parties to this suit entered into a contract dated September 30, 1885, as follows:

"MUSKEGON, MICH., September 30, 1885.

" Know all men by these presents, that I, Thomas Starret, of Holton, Muskegon county, Michigan, have this day sold S. E. Brown, of Muskegon, Michigan, all the brick now situated and being in a certain kiln in the township of Sheridan, Newaygo county, Michigan, to the amount of about five hundred and thirty thousand brick, to be delivered on the

67 MICH.—37.

cars in Muskegon, Michigan, as said Brown may direct, between now and the first of May, 1886, for the consideration of three and 75-100 ($3.75) dollars per thousand, one thousand dollars to be paid on the delivery of this agreement, and the balance, one and 75-100 per M., after deducting freight, to be paid as brick are delivered.

"It is agreed that Starret shall not deliver said brick faster than said Brown may direct, and said Brown not to want brick faster than it is possible for. Starret to get cars, or reasonably load them.                THOMAS STARRET.

"Witness:   William W. Fellows.      S. E. BROWN."

Under this contract Starret delivered, and Brown paid for, 500,000 brick, and Starret claims that this was all he was to deliver under the contract.   He afterwards sold to another party 24,000 brick from the same kiln, and for this act the plaintiff brought an action of trover.   The jury, under the instructions of the court, returned a verdict for plaintiff.

The circuit judge charged the jury that the terms of the contract covered all of the brick in the kiln, and he left it for the jury to find as a fact whether it was the intention of the parties that the title should pass from Starret to Brown on the execution of the contract.

Where parties to a contract have put their agreement in writing, the terms of such agreement and the intent of the parties must be gathered from the written contract, if free from ambiguity.

In construing this contract the first question is, what quantity of brick does it cover?   Does it cover the whole output of the kiln, or only a certain quantity?   It starts out by saying that Starret has this day sold to Brown all the brick now in the kiln, but this language is immediately modified by saying "to the amount of about 530,000 brick."   This quantity is again modified by what then follows.   The consideration is plainly expressed to be $3.75 per 1,000.   The contract then goes on to provide for the payment at *that* rate for 500,000 brick.   It says $1,000 shall be paid down on the delivery of the agreement, "and the balance, one dollar and

seventy-five cents per thousand, after deducting freight, to be paid as brick are delivered." This indicates that $2 per 1,000 was paid at that time on some quantity, and, as just $1,000 was paid down, that quantity must have been 500,000 brick. There can be no doubt but that the minds of the parties met upon the consideration, or price per 1,000, which Brown was to pay and Starret receive, which was $3.75.

Now, if we give this contract the construction which the plaintiff contends for, Starret would be obliged to sell and deliver all the brick contained in the kiln over 500,000, at Muskegon, and pay the freight, for $1.75 per 1,000. This is preposterous.

But the plaintiff, on cross-examination, put in evidence another writing between the parties as follows:

"MUSKEGON, MICH., November 27, 1885.
"For the consideration of two hundred and fifty dollars, one hundred and fifty received to-day, and the balance of one hundred to be paid January 1, 1886, by S. E. Brown, I do hereby guarantee to load 420,000 brick or the balance of 500,000 brick not shipped, the same as sold said S. E. Brown on contract, to be loaded on cars at the county line near Dash post-office, Michigan.
"THOMAS STARRET.
"January 11, 1886, received on within one hundred dollars.                    THOMAS STARRET."

This paper speaks of the 420,000 brick as the *balance of the 500,000 brick not shipped*, the same that were sold said S. E. Brown; thus again showing that the intent of the parties, by their own construction of the contract of sale, was that the quantity bought by Brown was only 500,000 brick.

The court should have instructed the jury that the contract of sale only conveyed 500,000 brick, and that the plaintiff could not recover.

The judgment must be reversed, and a new trial granted.

SHERWOOD and MORSE, JJ., concurred.

CAMPBELL, C. J., did not sit.